UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:25-cr-174-MMH-PDB
18 U.S.C. § 666
(Federal Program Theft)

THOMAS B. HOFFMAN

## INFORMATION

The United States Attorney charges:

## INTRODUCTION

At all times relevant to this Information:

1. THOMAS B. HOFFMAN was a resident of Putnam County, Florida, in the Middle District of Florida, and an employee of the Palatka Housing Authority (PHA) responsible for information technology and payroll administration.

2. The PHA was responsible for the administration of public housing in the city of Palatka in Putnam County, as well as other neighboring municipalities.

3. The United States Department of Housing and Urban Development (HUD) provided annual benefits in excess of $10,000 to be under the care, custody, and control of the PHA to administer various affordable housing programs for the public, under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other forms of Federal assistance.

## COUNT ONE
### (Federal Program Theft)

4.  Beginning at an unknown time but from at least in or about July 2023, and continuing through in or about February 2025, in the Middle District of Florida, and elsewhere, the defendant,

THOMAS B. HOFFMAN,

being an agent of an organization, that is, the PHA, which received annually more than $10,000 in Federal benefits, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner, property valued at more than $5,000 that was owned by and was under the care, custody, and control of the PHA, that is, by fraudulently directing payments of PHA funds to a company over which he had control, without authority.

In violation of 18 U.S.C. §§ 666(a)(1)(A) and 2.

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 666, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, the following:   the sum of at least $155,706, which represents the proceeds of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

GREGORY W. KEHOE
United States Attorney

By: _____
David B. Mesrobian
Assistant United States Attorney

By: _____
Michael J. Coolican
Assistant United States Attorney
Deputy Chief, Jacksonville Division